IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 98-41282
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAIME IZAGUIRRE-RUIZ,

Defendant-Appellant.

———————————————
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-98-CR-248-1
———————————————

September 16, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jaime Izaguirre-Ruiz appeals the sentence he received after pleading guilty of being present in the United States without permission following deportation. Izaguirre-Ruiz argues that the district court erred by enhancing his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based on its determination that his prior Texas state court conviction of robbery was an aggravated felony. He contends that 8 U.S.C. § 1101(a)(43)(F), the statute which defines an aggravated felony for purposes of § 2L1.2 as "a

———————————————

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

crime of violence . . . for which the term of imprisonment [sic] at least one year," is ambiguous and unconstitutionally vague.

We recently rejected Izaguirre-Ruiz's proposition that § 1101(a)(43)(F) is impermissibly vague. <u>See</u> <u>United States v. Banda-Zamora</u>, 173 F.3d 728, 729-30 (5th Cir. 1999). The district court did not err in determining that Izaguirre-Ruiz had previously been convicted of an aggravated felony or by enhancing Izaguirre-Ruiz's sentence pursuant to § 2L1.2. Izaguirre-Ruiz's sentence is AFFIRMED.